| Debtor | Grande Holdco Borrower, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of Texas**
(State)

Case number *(if known)*: _____     Chapter   11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's Name**

**Grande Holdco Borrower, LLC**

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**N/A**

**3. Debtor's federal Employer Identification Number** (EIN)

**92-1807079**

**4. Debtor's address**

**Principal place of business**

**130 Roberts Street**
Number        Street

**Asheville       NC          28801**
City              State        Zip Code

**Buncombe**
County

**Mailing address, if different from principal place of business**

Number        Street

City              State        Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City              State        Zip Code

**5. Debtor's website** (URL)       www.pinegaterenewables.com

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    Grande Holdco Borrower, LLC
       Name                     Case number *(if known)*

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2211 (Electric Power Generation, Transmission and Distribution)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

     ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

     ☐ A plan is being filed with this petition.

     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the **Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11** (Official Form 201A) with this form.

     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes   District _____ When _____ Case number _____
                              MM/DD/YYYY
         District _____ When _____ Case number _____
                              MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes   Debtor   **See Attached Rider 1**    Relationship _____

         District _____

                               When:   **11/06/2025**
         Case number, if known _____        MM / DD / YYYY

---

| Debtor | Grande Holdco Borrower, LLC | Case number (if known) | |
|--------|------------------------------|------------------------|---|
| | Name | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| Number | Street |
|--------|--------|
| | |

| City | State | Zip Code |
|------|-------|----------|
| | | |

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

*Consolidated for all Debtors.

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets***

*Consolidated for all Debtors.

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities***

*Consolidated for all Debtors.

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Grande Holdco Borrower, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **11/06/2025**
                MM/ DD / YYYY

✘     **/s/ Ray Shem**                          **Ray Shem**
      Signature of authorized representative of debtor      Printed name

Title     **Authorized Signatory**

**18. Signature of attorney**

✘     **/s/ Timothy A. ("Tad") Davidson II**          Date     **11/06/2025**
      Signature of attorney for debtor                          MM/DD/YYYY

**Timothy A. ("Tad") Davidson II**

**Hunton Andrews Kurth LLP**
Firm name

**600 Travis Street, Suite 4200**
Number                    Street

**Houston**                                          **TX**          **77002**
City                                                 State          ZIP Code

**(713) 220-4200**                                   taddavidson@hunton.com
Contact phone                                        Email address

**24012503**                              **TX**
Bar number                                State

## RIDER 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas.  Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
| --- | --- |
| Pine Gate Renewables, LLC | 35-2564063 |
| BF Dev Holdco Pledgor, LLC | 33-2275668 |
| BF Dev Holdco, LLC | 33-2275550 |
| Blue Northern Power, LLC | N/A |
| Blue Ridge Power Holding Company, LLC | 87-1186418 |
| Blue Ridge Power, LLC | 86-1678572 |
| Blue Ridge Solar, LLC | N/A |
| BRP Construction, Inc. | 86-3933004 |
| BRP HBC Guarantor, LLC | 86-3294094 |
| BRP HBC Holdco, LLC | 86-2696364 |
| Cascade Dev Holdco, LLC | 99-4912353 |
| Cascade NTP Holdco, LLC | 99-3995405 |
| Cascade Pledgor, LLC | 99-4023773 |
| Catalina Solar Borrower, LLC | 99-1670433 |
| Catalina Solar Holdings, LLC | 99-3261480 |
| FP 2021 Dev Holdco, LLC | 87-3439283 |
| GA Solar 5, LLC | 83-3125519 |
| GH Pledge Borrower, LLC | 92-3529815 |
| Grande Holdco Borrower II, LLC | 92-3460613 |
| Grande Holdco Borrower, LLC | 92-1807079 |
| Grande Holdco, LLC | 92-1781545 |
| Limewood Bell Renewables LLC | 87-3308927 |
| Lotus Solar, LLC | 87-2102980 |
| Magnolia Solar Development LLC | 88-1934932 |
| NPA 2023 Holdco, LLC | 93-3181192 |
| NPA PGR Blocker Holdco, LLC | 93-3195013 |
| NPA Polaris DevCo Holdco, LLC | 93-4306940 |
| NPA Polaris DevCo Pledgor, LLC | 87-4665066 |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| NPA Polaris OpCo Holdco, LLC | 93-4324793 |
| Old Hayneville Solar, LLC | 82-3273475 |
| PG Dev Carver Holdco, LLC | 33-1241479 |
| PGC Solar Holdings Holdco I, LLC | 92-2205032 |
| PGC Solar Holdings Holdco II, LLC | 92-2224365 |
| PGC Solar Holdings I Managing Member, LLC | 88-1574658 |
| PGC Solar Holdings I, LLC | 88-1578369 |
| PGR 2020 Lessor 7, LLC | 85-3489484 |
| PGR 2021 Fund 13, LLC | 87-1251045 |
| PGR 2021 Fund 17, LLC | 87-1486532 |
| PGR 2021 Fund 18, LLC | 87-1532154 |
| PGR 2021 Fund 4, LLC | 86-2265171 |
| PGR 2021 Fund 9, LLC | 86-3726274 |
| PGR 2021 Holdco 11, LLC | 88-0752211 |
| PGR 2021 Holdco 12, LLC | 88-0763072 |
| PGR 2021 Holdco 13, LLC | 88-0763150 |
| PGR 2021 Holdco 15, LLC | 88-0814035 |
| PGR 2021 Holdco 17, LLC | 88-2039180 |
| PGR 2021 Holdco 18, LLC | 88-2039521 |
| PGR 2021 Holdco 19, LLC | 88-0814167 |
| PGR 2021 Holdco 4, LLC | 87-1622457 |
| PGR 2021 Holdco 9, LLC | 88-0751962 |
| PGR 2021 Manager 13, LLC | 87-1229679 |
| PGR 2021 Manager 17, LLC | 87-1440434 |
| PGR 2021 Manager 18, LLC | 87-1506225 |
| PGR 2021 Manager 4, LLC | 86-2291539 |
| PGR 2021 Manager 9, LLC | 86-3760375 |
| PGR 2022 Fund 1, LLC | 87-4275483 |
| PGR 2022 Fund 2, LLC | 87-4356580 |
| PGR 2022 Fund 4, LLC | 87-4527516 |
| PGR 2022 Fund 5, LLC | 87-4591151 |
| PGR 2022 Fund 8, LLC | 88-2945892 |
| PGR 2022 Fund 9, LLC | 88-3248263 |
| PGR 2022 Holdco 1, LLC | 88-2039337 |
| PGR 2022 Holdco 2, LLC | 92-0456940 |
| PGR 2022 Holdco 8, LLC | 88-2945678 |
| PGR 2022 Holdco 9, LLC | 88-3260937 |
| PGR 2022 Manager 1, LLC | 87-4277262 |
| PGR 2022 Manager 2, LLC | 87-4325861 |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| PGR 2022 Manager 4, LLC | 87-4513493 |
| PGR 2022 Manager 5, LLC | 87-4557022 |
| PGR 2022 Manager 8, LLC | 88-2898212 |
| PGR 2022 Manager 9, LLC | 88-3261196 |
| PGR 2022 Sponsor Holdco, LLC | 87-4513348 |
| PGR 2023 Fund 1, LLC | 92-3257193 |
| PGR 2023 Fund 6, LLC | 93-4306095 |
| PGR 2023 Holdco 1, LLC | 92-3256875 |
| PGR 2023 Lessee 6, LLC | 93-4324734 |
| PGR 2023 Manager 1, LLC | 92-3257071 |
| PGR 2023 Manager 6, LLC | 93-4319408 |
| PGR 2024 Sponsor Holdco, LLC | 92-1197173 |
| PGR Blocker Holdco, LLC | 92-3829929 |
| PGR Blue Ridge Power Holdings, LLC | 86-2548454 |
| PGR Carver Holdco, LLC | 33-1241626 |
| PGR CC Affiliate Purchaser LLC | 88-4345732 |
| PGR Guarantor, LLC | 39-4365268 |
| PGR Holdco GP, LLC | 99-2474995 |
| PGR Holdco, LP | 88-2629227 |
| PGR MS Affiliate Purchaser LLC | 92-1778294 |
| PGR Procurement, LLC | 93-3323687 |
| PGR Signature Fund 1 Manager, LLC | 83-2220930 |
| Pine Gate Asset Management, LLC | 85-1821450 |
| Pine Gate Assets, LLC | 81-3058757 |
| Pine Gate Carver Holdings, LLC | 33-1295577 |
| Pine Gate Dev Holdco, LLC | 86-2577062 |
| Pine Gate Development, LLC | 86-2406928 |
| Pine Gate Energy Capital, LLC | 81-3049567 |
| Pine Gate EPC, LLC | 82-3749986 |
| Pine Gate Fund Management, LLC | 86-2604516 |
| Pine Gate O&M, LLC | 82-5404690 |
| Polaris DevCo Borrower A, LLC | 99-3955747 |
| Polaris DevCo Borrower B, LLC | 99-3955889 |
| Polaris DevCo Pledgor A, LLC | 99-4104077 |
| Polaris DevCo Pledgor B, LLC | 99-4104195 |
| Polaris OpCo Borrower B, LLC | 99-4049823 |
| Polaris OpCo Pledgor A, LLC | 99-4123499 |
| Polaris OpCo Pledgor B, LLC | 99-4123657 |
| PW Blocker Holdco, LLC | 93-3516671 |

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| PW Revolver Borrower, LLC | 92-1813121 |
| Rio Lago Solar, LLC | 85-4357058 |
| Solar Carver 1, LLC | 85-4188589 |
| Solar Carver 3, LLC | 85-4218393 |
| Stowe Solar, LLC | 93-3874614 |
| Sunstone Solar 1, LLC | 33-3538227 |
| Sunstone Solar 2, LLC | 33-3538451 |
| Sunstone Solar 3, LLC | 33-3564133 |
| Sunstone Solar 4, LLC | 33-3564246 |
| Sunstone Solar 5, LLC | 33-3591980 |
| Sunstone Solar 6, LLC | 33-3592089 |
| Sunstone Solar, LLC | 92-3874006 |
| West River Solar, LLC | 32-0531602 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Grande Holdco Borrower, LLC, | ) | Case No. 25-_____(___) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Grande Holdco, LLC | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Grande Holdco Borrower, LLC, | ) | Case No. 25-_____(___) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## <u>LIST OF EQUITY SECURITY HOLDERS</u>

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**<u>Debtor</u>**") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐   There are no equity security holders or corporations that directly or indirectly own 10% or more  of any class of the Debtor's equity interest.

☒   The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Grande Holdco, LLC<br>130 Roberts Street<br>Asheville, NC 28801 | Limited Liability Company Interest | 100% |

Fill in this information to identify the case and this filing:

Debtor Name  Grande Holdco Borrower, LLC

United States Bankruptcy Court for the:          **Southern District of Texas**

(State)

Case number (If known):

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          **12/15**

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*

☐   Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*

☐   Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*

☐   Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*

☐   Schedule H: Codebtors *(Official Form 206H)*

☐   Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*

☐   Amended Schedule _____

☒   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒   Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

|  |  |
|---|---|
| **11/06/2025** | ☒ */s/ Ray Shem* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
|  | **Ray Shem** |
|  | Printed name |
|  | **Authorized Signatory** |
|  | Position or relationship to debtor |

**OMNIBUS ACTION BY WRITTEN CONSENT OF THE**
**GOVERNING AUTHORITIES OF PGR HOLDCO GP, LLC**
**AND THE OTHER ENTITIES LISTED HEREIN**

**November 6, 2025**

The undersigned, being the sole shareholder, the sole member, general partner, the manager, or all of the members of the board of directors or board of managers, as applicable, each as set forth on the signature pages hereto (each, a "Governing Authority" and collectively, the "Governing Authorities") of the entities listed on a signature page hereto as a "Filing Entity" or listed on Schedule 1 hereto as a "Filing Entity" (each, a "Filing Entity" and collectively, the "Filing Entities") and the entities listed on Schedule 2 hereto as a "Non-Filing Entity" (each, a "Non-Filing Entity" and collectively, the "Non-Filing Entities"), hereby consent to the adoption of, and do hereby approve, adopt, confirm and ratify the following resolutions by written consent of the applicable Governing Authority for the applicable Filing Entity and Non-Filing Entity, in accordance with applicable law and the governing documents of the applicable Filing Entity and Non-Filing Entity, without a meeting and with the same force and effect as if said resolutions were adopted at a meeting of the applicable Governing Authority duly called and legally held on the date set forth above (this "Omnibus Consent") and hereby direct that this Omnibus Consent be filed in the minutes of the applicable Governing Authority of each Filing Entity and Non-Filing Entity; *provided* that Messrs. Laxman Ramu and Aaron Bielenberg (Members of the Board of Managers of PGR Holdco GP, LLC) hereby recuse from any resolutions regarding the Stalking Horse Sales, the Stalking Horse Purchase Agreements, and the Bidding Procedures (each as defined herein); *provided further* that Messrs. Catt and Shem (Members of the Board of Managers of PGR Holdco GP, LLC) hereby recuse from any resolutions regarding the Fundamental Stalking Horse Agreement.

**CHAPTER 11 CASES**

WHEREAS, the Filing Entities have diligently explored strategic alternatives to address the Filing Entities' financial circumstances;

WHEREAS, each of the undersigned Governing Authorities of the Filing Entities, including the Special Committee of the Governing Authority of PGR Holdco GP, LLC (the "Special Committee"), has had the opportunity to consult with management and the legal and financial advisors of such Filing Entity to fully consider, and has considered, the restructuring and strategic alternatives available to such Filing Entity and the impact of the foregoing on such Filing Entity's business; and

WHEREAS, the Special Committee and each of the Governing Authorities have reviewed and evaluated proposed restructuring transactions involving the Filing Entities.

NOW, THEREFORE, BE IT RESOLVED, that, in the judgment of each of the Governing Authorities and following a recommendation by the Special Committee to the Board of PGR Holdco GP, LLC (the "GP Board"), it is desirable and in the best interests of each of the Filing Entities, their creditors, and other interested parties, that each Governing Authority authorize that the applicable Filing Entity seek relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and be it

FURTHER RESOLVED, that each Filing Entity is hereby authorized, and each of the officers thereof (each, an "Authorized Person" and, collectively, the "Authorized Persons") shall be, and hereby is, authorized and directed on behalf of each Filing Entity to commence a case under chapter 11 of the Bankruptcy Code (a "Chapter 11 Case") by executing, verifying and delivering a voluntary petition in the name of such Filing Entity under Chapter 11 of the Bankruptcy Code and causing the same to be filed with

the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") in such form and at such time as the Authorized Person executing said petition shall determine; and be it

FURTHER RESOLVED, that each Filing Entity is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and directed on behalf of such Filing Entity, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by each of the other Filing Entities under Chapter 11 of the Bankruptcy Code (each respective Chapter 11 Case together with such other Chapter 11 Cases, the "<u>Chapter 11 Cases</u>"); and be it

FURTHER RESOLVED, that each Filing Entity is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of such Filing Entity, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all credit documents, and to take any and all actions that each Authorized Person deems necessary or appropriate, each in connection with the Chapter 11 Cases; and be it

FURTHER RESOLVED, that the Filing Entities are hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of the applicable Filing Entity, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Filing Entities' existing indebtedness as may be deemed necessary or appropriate by such Authorized Person.

## DEBTOR-IN-POSSESSION FINANCING

WHEREAS, there has been presented to the applicable Governing Authority of each Loan Party (as defined below) a summary, which describes in satisfactory detail to such applicable Governing Authority, of the proposed terms and conditions of superpriority postpetition financing in an aggregate principal amount of up to $264 million (the "<u>DIP Financing</u>"), the proceeds of which shall be used, among other things, (i) to the extent permitted in accordance with the Interim DIP Order and the Final DIP Order (each as defined in the DIP Credit Agreements (as defined below) and together, the "<u>DIP Orders</u>"), (ii) to convert prepetition obligations into obligations under the DIP Financing, (iii) to fund the Chapter 11 Cases, and (iv) in any manner specified in the DIP Credit Agreements (as defined below);

WHEREAS, in connection with the DIP Financing and the transactions to be entered into in connection with the DIP Financing (the "<u>DIP Transactions</u>"), Pine Gate Renewables, LLC, as borrower (the "<u>Borrower</u>"), and each of the other Filing Entities and Non-Filing Entities (each, a "<u>Loan Party</u>" and collectively, the "<u>Loan Parties</u>") will be required to enter into, as applicable, (i) that certain Superpriority Senior Secured Debtor-In-Possession Credit Agreement (the "<u>Brookfield DIP Credit Agreement</u>"); (ii) that certain Senior Secured Superpriority Debtor-In-Possession Note Purchase Agreement (the "<u>Carlyle DIP NPA</u>"); and/or (iii) that certain Senior Secured Super Priority Debtor-In-Possession Loan Agreement (the "<u>Fundamental DIP Credit Agreement</u>," and together with the Brookfield DIP Credit Agreement and the Carlyle DIP NPA, including all exhibits and schedules thereto, as the same may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "<u>DIP Credit Agreements</u>"), by and among the Borrower, as a debtor and debtor-in-possession in the Chapter 11 Cases and the borrower under the DIP Financing, the other Loan Parties, as the guarantors of the DIP Financing (subject to the terms of the DIP Loan Documents (as defined below)), any other guarantor from time to time party thereto and (i) BID Administrator LLC, as the agent under the Brookfield Credit Agreement, and the lenders party to the Brookfield Credit Agreement from time to time (the "<u>Brookfield Lenders</u>"); (ii) the "Purchaser" as defined in the Carlyle DIP NPA (collectively, "<u>Carlyle</u>"), as the purchasers under the

Carlyle DIP NPA; and (iii) FP Solar Development I LLC and Solar Construction Lending, LLC (collectively, "Fundamental," and together with the Brookfield Lenders and Carlyle, the "Lenders"), as the lenders under the Fundamental Credit Agreement;

WHEREAS, as a condition to the extension of financing to the Borrower under the DIP Credit Agreements and subject to the terms of the DIP Orders, each applicable Loan Party will be required to (i) enter into the applicable DIP Credit Agreements as a borrower or guarantor thereunder, as applicable, (ii) grant a security interest in, and liens on, substantially all (subject to certain exceptions specified in the DIP Loan Documents) of their respective assets in favor of the applicable Lenders, to secure the payment and performance of the obligations under the applicable DIP Credit Agreements and the DIP Loan Documents related thereto (the "Obligations"), (iii) guarantee the Obligations in accordance with terms specified in the applicable DIP Loan Documents, and (iv) enter into, execute and deliver certain additional agreements, documents and items in connection therewith, including, but not limited to, one or more of the following, in each case, in accordance with the terms thereof (together with the DIP Credit Agreements, collectively, the "DIP Loan Documents"):

(i) any promissory notes, intercreditor agreements, subordination agreements, intercompany notes, or similar documents or instruments,

(ii) any fee letters or other side letters, and

(iii) certain other collateral and ancillary documents, including, but not limited to, intellectual property security agreements, mortgages, deeds of trust, deposit account control agreements, securities account control agreements and such other agreements, instruments, certificates, guarantees, acknowledgements or documents contemplated by the DIP Credit Agreements and the other DIP Loan Documents;

WHEREAS, following the Special Committee's recommendation to the GP Board, the applicable Governing Authority for each Loan Party, in considering all strategic alternatives, has determined that such Loan Party and its subsidiaries will derive direct and indirect benefits from the DIP Financing and the funding provided to the Borrower from time to time under the DIP Credit Agreements; and

WHEREAS, following the Special Committee's recommendation to the GP Board, the applicable Governing Authority of each Loan Party, acting in good faith, has determined that it would be advisable and in the best interest of, and will be beneficial to, such Loan Party and its respective subsidiaries to (i) enter into the applicable DIP Credit Agreements, (ii) consummate the applicable DIP Transactions, and (iii) enter into, execute, deliver and perform their respective obligations under the DIP Loan Documents to which they are (or are to be) a party, in each case, on such terms and conditions as deemed necessary or appropriate by the Authorized Persons; and

WHEREAS, following the Special Committee's recommendation to the GP Board, the Governing Authority of each Loan Party desires to approve the recitals and resolutions and take the actions required in connection with the DIP Transactions as set forth below, in each case subject to approval by the Bankruptcy Court.

NOW, THEREFORE, BE IT RESOLVED, that (i) the entry into the DIP Financing and the other DIP Transactions (including the terms and conditions thereof, and any amendments, modifications or deletions thereto or any increase in the principal amount of any obligations, in each case, as any applicable Authorized Person may deem necessary or appropriate, and with the execution of any DIP Loan Documents with respect thereto by such Authorized Person constituting conclusive evidence of such Authorized Person's and the applicable Governing Authority's approval thereof) be, and they hereby are,

in all respects, authorized and approved, and (ii) any Authorized Person be, and each of them acting alone hereby is, authorized, empowered and directed, for and on behalf of such Loan Party, to obtain the DIP Financing and consummate the DIP Transactions; and be it

FURTHER RESOLVED, that the DIP Credit Agreements and the other DIP Loan Documents to which the applicable Loan Party is a party, in the form and substance and on such terms and conditions as negotiated and approved by any applicable Authorized Person (such approval to be conclusively evidenced by such applicable Authorized Person's execution and delivery thereof), and any amendments, amendments and restatements, extensions, joinders, supplements, waivers, forbearances or other modifications of any of the foregoing as shall be approved by an applicable Authorized Person (such approval to be conclusively evidenced by such applicable Authorized Person's execution and delivery thereof) be, and they hereby are, in all respects, authorized and approved; and be it

FURTHER RESOLVED, that (i) the consummation of the DIP Transactions by each applicable Loan Party, (ii) the incurrence and performance by each applicable Loan Party of its obligations under such DIP Loan Documents (including, without limitation, the borrowing by the Borrowers on the date of the closing of the DIP Financings and from time to time thereafter and permitted under the DIP Credit Agreements, the guarantee of Obligations and grant of security interests and pledges by each applicable Loan Party, in each case, under and pursuant to the DIP Credit Agreements and the other DIP Loan Documents, as any of them may be amended or otherwise modified from time to time, and any additional liens pursuant to any additional guarantees, mortgage agreements, security agreements, pledge agreements, control agreements or deeds of trust that the Lenders may require, and the execution of documents, agreements, financing statements, mortgages and instruments in connection therewith), and (iii) all actions incidental to or in furtherance of the foregoing, including, without limitation, the authorization of all such acts, deeds and things, the selection of all such lenders, agents and other representatives, and the execution and delivery of the DIP Loan Documents and all other such agreements, documents, instruments, certificates or guarantees (together with any amendments, restatements, modifications and supplements thereto) as any applicable Authorized Person deems necessary, desirable or appropriate to effectuate or carry out fully the actions described above, be, and they hereby are, in all respects, authorized and approved; and be it

FURTHER RESOLVED, that each of the applicable Authorized Persons acting together or singly is hereby authorized, directed and empowered to negotiate, execute and deliver, or cause to be executed and delivered, the applicable DIP Credit Agreements and the other DIP Loan Documents and any such amendments, restatements, amendments and restatements, extensions, joinders, supplements, waivers, forbearances and other modifications thereto, with such terms and provisions as may be approved by the applicable Authorized Person executing the same (such approval to be conclusively evidenced by such applicable Authorized Person's execution and delivery thereof) and to cause funds to be advanced to the Borrowers under the DIP Credit Agreements; and be it

FURTHER RESOLVED, that each of the applicable Authorized Persons, acting together or singly, is hereby authorized, directed, and empowered to provide certain adequate protection to the Loan Parties, as documented in and subject to the terms of the DIP Orders with such changes, additions, and modifications thereto as an Authorized Persons shall approve; and be it

FURTHER RESOLVED, that each Governing Authority for each Loan Party has determined, in the exercise of its business judgment, that such Loan Party and its subsidiaries will obtain benefits from the incurrence of the borrowings and the other obligations under the DIP Loan Documents, including without limitation the adequate protection obligations set forth in the DIP Orders, which are necessary and convenient to the conduct, promotion, and attainment of the business of such Loan Party and its subsidiaries; and be it

FURTHER RESOLVED, that each of the applicable Authorized Persons, acting together or singly, is hereby authorized, directed and empowered to pay or cause to be paid the consideration, fees, taxes and expenses (including professional fees) as contemplated in the applicable DIP Loan Documents; and be it

FURTHER RESOLVED, that each of the applicable Authorized Persons, acting together or singly, is hereby authorized, directed and empowered to pledge stock certificates and promissory notes and negotiate, execute, deliver, record and/or file all financing statements, intellectual property filings, stock powers, proxies, note powers, and other documents, to do all other acts as may be required, appropriate or necessary to carry out and perform the applicable DIP Loan Documents and to consummate any and all of the transactions contemplated by such documents (such requirement, appropriateness and necessity to be conclusively evidenced by such applicable Authorized Person or applicable Authorized Persons taking such actions or executing and delivering such documents, as applicable); and be it

FURTHER RESOLVED, that all actions of any such applicable Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to execute and deliver the DIP Loan Documents and effect such transactions contemplated thereby, are hereby approved, adopted, ratified and confirmed in all respects; and be it

FURTHER RESOLVED, that each of the applicable Authorized Persons, acting together or singly, is hereby authorized directed and empowered to act on behalf of each applicable Loan Party, in its role as director, member, manager or shareholder, as applicable, of any subsidiary of such applicable Loan Party, to act on behalf of each such subsidiary to cause any such subsidiary to take any of the actions referred to above, and to take any action deemed necessary or advisable by such Authorized Person (including by written consent) to authorize any subsidiary of such applicable Loan Party to take any and all of the foregoing actions contemplated by the foregoing resolutions.

## STALKING HORSE AGREEMENTS & BIDDING PROCEDURES

WHEREAS, there has been presented to the applicable Governing Authority of each Filing Entity a summary, which describes in satisfactory detail to such applicable Governing Authority, of the proposed terms and conditions of the stalking horse credit bids by the Lenders (the "Stalking Horse Sales") pursuant to the Stalking Horse Purchase Agreements (as defined below), subject to higher or otherwise better bids during the Chapter 11 Cases in accordance with the Bidding Procedures (as defined below); and

WHEREAS, in connection with the Stalking Horse Sales, certain Filing Entities will be required to enter into (i) that certain Asset Purchase Agreement with an affiliate or designee of the Brookfield Lenders (the "Brookfield Stalking Horse Purchase Agreement"); (ii) that certain Asset Purchase Agreement with an affiliate or designee of Carlyle (the "Carlyle Stalking Horse Purchase Agreement"); or (iii) that certain Asset Purchase Agreement with an affiliate or designee of Fundamental (the "Fundamental Stalking Horse Purchase Agreement," and together with the Brookfield Stalking Horse Purchase Agreement and the Carlyle Stalking Horse Purchase Agreement, including all exhibits and schedules thereto, as the same may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Stalking Horse Purchase Agreements"), by and among certain Filing Entities, as sellers, and the Brookfield Lenders', Carlyle's, and Fundamental's respective affiliates or designees (collectively, the "Stalking Horse Buyers"); and

WHEREAS, following the Special Committee's recommendation to the GP Board, the applicable Governing Authority of each Filing Entity, acting in good faith, has determined that it would be advisable and in the best interest of, and will be beneficial to, such applicable Filing Entities to (i) enter into the Stalking Horse Purchase Agreements, (ii) consummate the Stalking Horse Sales subject to the terms of the Stalking Horse Purchase Agreements and the Bidding Procedures (including any higher or otherwise better

bids), (iii) enter into, execute, deliver and perform their respective obligations under the Stalking Horse Purchase Agreements to which they are (or are to be) a party, in each case, on such terms and conditions as deemed necessary or appropriate by the Authorized Persons, and (iv) formulate and approve bidding procedures that provide the Filing Entities with the opportunity to maximize the value of the sale of assets (together with any exhibits and other attachments annexed thereto, the "Bidding Procedures"); and

WHEREAS, following the Special Committee's recommendation to the GP Board, the Governing Authority of each Filing Entity desires to approve the recitals and resolutions and take the actions required in connection with the Stalking Horse Sales and the Bidding Procedures as set forth below, in each case subject to approval by the Bankruptcy Court.

NOW, THEREFORE, BE IT RESOLVED, that in connection with the Chapter 11 Cases, the Special Committee has recommended to the GP Board and each Governing Authority has determined it is in the best interest of each applicable Filing Entity to enter into the Stalking Horse Purchase Agreements and approve Bidding Procedures on terms and conditions substantially similar to those set forth in the forms of Stalking Horse Purchase Agreements and Bidding Procedures previously provided to or summarized for the Governing Authorities (with such changes as may be approved pursuant to the delegation set forth herein); and be it

FURTHER RESOLVED, that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the applicable Filing Entity, to continue the marketing for sale of the applicable Filing Entity's assets and pursue negotiations with any interested parties regarding one or more sales of such assets pursuant to section 363 of the Bankruptcy Code or otherwise; and be it

FURTHER RESOLVED, that (i) the entry into the Stalking Horse Purchase Agreements and the approval of the Bidding Procedures (in each case, including the terms and conditions thereof, and any amendments, modifications or deletions thereto, in each case, as any applicable Authorized Person may deem necessary or appropriate, and with the execution of any Stalking Horse Purchase Agreements with respect thereto by such Authorized Person constituting conclusive evidence of such Authorized Person's and the applicable Governing Authority's approval thereof) be, and they hereby are, in all respects, authorized and approved, and (ii) any Authorized Person be, and each of them acting alone hereby is, authorized, empowered and directed, for and on behalf of such Filing Entity, to enter into the Stalking Horse Purchase Agreements; and be it

FURTHER RESOLVED, that the Stalking Horse Purchase Agreements and the Bidding Procedures, in the form and substance and on such terms and conditions as negotiated and approved by any applicable Authorized Person (such approval to be conclusively evidenced by such applicable Authorized Person's execution and delivery thereof), and any amendments, amendments and restatements, extensions, joinders, supplements, waivers, or other modifications of any of the foregoing as shall be approved by an applicable Authorized Person (such approval to be conclusively evidenced by such applicable Authorized Person's execution and delivery thereof) be, and they hereby are, in all respects, authorized and approved; and be it

FURTHER RESOLVED, that (i) the consummation of the Stalking Horse Sales by each applicable Filing Entity, (ii) the process set forth by the Bidding Procedures, and (iii) all actions incidental to or in furtherance of the foregoing, including, without limitation, the authorization of all such acts, deeds and things, the execution and delivery of the Stalking Horse Purchase Agreements and all other such agreements, documents, instruments, certificates or guarantees (together with any amendments, restatements, modifications and supplements thereto) as any applicable Authorized Person deems necessary, desirable or appropriate to effectuate or carry out fully the actions described above, be, and they hereby are, in all respects, authorized and approved; and be it

FURTHER RESOLVED, that each of the applicable Authorized Persons acting together or singly is hereby authorized, directed and empowered to negotiate, execute and deliver, or cause to be executed and delivered, the Stalking Horse Purchase Agreements and any such amendments, restatements, amendments and restatements, replacements, extensions, joinders, supplements, waivers, and other modifications thereto, with such terms and provisions as may be approved by the applicable Authorized Person executing the same (such approval to be conclusively evidenced by such applicable Authorized Person's execution and delivery thereof); and be it

FURTHER RESOLVED, that each of the applicable Authorized Persons, acting together or singly, is hereby authorized, directed and empowered to pay or cause to be paid the consideration, fees, taxes and expenses as contemplated in the Stalking Horse Purchase Agreements, the Bidding Procedures, or reasonably related thereto; and be it

FURTHER RESOLVED, that each of the applicable Authorized Persons, acting together or singly, is hereby authorized, directed and empowered to do all other acts as may be required, appropriate or necessary to carry out and perform the Stalking Horse Purchase Agreements or the Bidding Procedures and to consummate any and all of the transactions contemplated by such documents and procedures (such requirement, appropriateness and necessity to be conclusively evidenced by such applicable Authorized Person or applicable Authorized Persons taking such actions or executing and delivering such documents, as applicable); and be it

FURTHER RESOLVED, that all actions of any such applicable Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to execute and deliver the Stalking Horse Purchase Agreements, and to formulate and approve the Bidding Procedures, and effect such transactions contemplated thereby, are hereby approved, adopted, ratified and confirmed in all respects; and be it

FURTHER RESOLVED, that each of the applicable Authorized Persons, acting together or singly, is hereby authorized directed and empowered to act on behalf of each applicable Filing Entity, in its role as director, member, manager or shareholder, as applicable, of any subsidiary of such applicable Filing Entity, to act on behalf of each such subsidiary to cause any such subsidiary to take any of the actions referred to above, and to take any action deemed necessary or advisable by such Authorized Person (including by written consent) to authorize any subsidiary of such applicable Filing Entity to take any and all of the foregoing actions contemplated by the foregoing resolutions.

## RETENTION OF PROFESSIONALS

NOW, THEREFORE, BE IT RESOLVED, that each Filing Entity is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the relevant Filing Entity, to employ and retain (i) Latham & Watkins LLP to act as bankruptcy co-counsel, (ii) Hunton Andrews Kurth LLP to act as bankruptcy co-counsel, (iii) Alvarez & Marsal North America, LLC to act as financial advisor, and to provide the services of Mark Rajcevich as the Chief Restructuring Officer of PGR Holdco GP, LLC, PGR Holdco, LP, and Pine Gate Renewables, LLC, (iv) Lazard Frères & Co. LLC to act as investment banker, and (v) Omni Agent Solutions, Inc. to act as claims, noticing, and solicitation agent (collectively, the "Professionals"), in each case, in connection with the Chapter 11 Cases; and be it

FURTHER RESOLVED, that Mark Rajcevich is hereby appointed to serve as the Chief Restructuring Officer of PGR Holdco GP, LLC, PGR Holdco, LP, and Pine Gate Renewables, LLC; and be it

FURTHER RESOLVED, that each Filing Entity is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of such Filing Entity, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms as may be deemed necessary or appropriate by each Authorized Person to assist each Filing Entity in carrying out its responsibilities in the Chapter 11 Cases; and be it

FURTHER RESOLVED, that each Filing Entity is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, with full power of delegation, in the name and on behalf of such Filing Entity, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

## GENERAL AUTHORITY

NOW, THEREFORE, BE IT RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person or any of the Professionals in connection with the Chapter 11 Cases or any proceedings or matters related thereto (including, without limitation, the DIP Transactions, the DIP Loan Documents, the Stalking Horse Sales, the Stalking Horse Purchase Agreements, and the Bidding Procedures), be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Filing Entities; and be it

FURTHER RESOLVED, that all actions taken and agreements and documents executed by the Authorized Persons, or any person or persons designated and authorized to act by any of them, prior to the adoption of these resolutions which would have been authorized by these resolutions had such actions been taken (or documents been executed) after adoption of these resolutions, are ratified, confirmed, approved and adopted in all respects; and be it

FURTHER RESOLVED, that each of the Authorized Persons, acting together or singly, of each applicable Filing Entity be, and each of them hereby is, authorized, directed and empowered on behalf of such applicable Filing Entity to take all such steps and do all such acts and things as they or any one or more of them shall deem necessary or advisable to proceed with the transactions contemplated by the foregoing resolutions, including, but not limited to, the making of any and all payments, the making and execution of any necessary or advisable instruments, certificates, affidavits or other documents in connection therewith, the signing or endorsement of any check, posting of any bonds, and the payment of any fees in such connection, and to take any and all action to make, execute, verify and file all applications, certificates, documents or other instruments and to do any and all acts and things that any one or more of them shall deem necessary, advisable or appropriate in order to carry out the intent and purpose of any and all of the foregoing resolutions; and be it

FURTHER RESOLVED, that all actions heretofore taken in the name and on behalf of each applicable Filing Entity by any Authorized Person of such applicable Filing Entity in connection with or otherwise in contemplation of any of the foregoing resolutions or the transactions contemplated thereby be, and the same hereby are, approved, adopted, ratified and confirmed in all respects; and be it

FURTHER RESOLVED, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons acting singly to take, or cause to be taken, all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the DIP Transactions, the DIP Loan Documents, the Stalking Horse Sales, the Stalking Horse Purchase Agreements, and the Bidding Procedures, and the intent and purposes thereof and any documents related thereto, or the foregoing resolutions.

This Omnibus Consent may be executed in counterparts, including by facsimile, pdf., DocuSign or other electronic means, each of which shall be deemed an original and all of which, taken together, shall constitute one and the same instrument.  This Omnibus Consent shall be effective as of the date first set forth above.

*[signature pages follow]*

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

_Ben Catt_

Benjamin Catt
Chairman of the Board of Managers
Date: November 4, 2025

_____

Stephen Smith
Member of the Board of Managers
Date:

_Ray Shem_

Raymond Shem
Member of the Board of Managers
Date: November 4, 2025

_William Transier_

William Transier
Independent Member of the Board of Managers
Date: November 3, 2025

_____

Laxman Ramu
Member of the Board of Managers
Date:

_Neal Goldman_

Neal Goldman
Independent Member of the Board of Managers
Date: November 3, 2025

_____

Aaron Bielenberg
Member of the Board of Managers
Date:

_Todd Arden_

Todd Arden
Independent Member of the Board of Managers
Date: November 3, 2025

**BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF PGR HOLDCO GP, LLC, as a "Filing Entity"**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

_____
Benjamin Catt
Chairman of the Board of Managers
Date:

Signed by:
*Steve Smith*
04872C1B921F47D...

_____
Stephen Smith
Member of the Board of Managers
Date:  November 3, 2025


_____
Raymond Shem
Member of the Board of Managers
Date:

_____
William Transier
Independent Member of the Board of Managers
Date:


_____
Laxman Ramu
Member of the Board of Managers
Date:

_____
Neal Goldman
Independent Member of the Board of Managers
Date:


_____
Aaron Bielenberg
Member of the Board of Managers
Date:

_____
Todd Arden
Independent Member of the Board of Managers
Date:


**BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF PGR HOLDCO GP, LLC, as a "Filing Entity"**

**IN WITNESS WHEREOF**, the undersigned have executed this Omnibus Consent as of the date first written above.

_____
Benjamin Catt
Chairman of the Board of Managers
Date:

_____
Stephen Smith
Member of the Board of Managers
Date:

_____
Raymond Shem
Member of the Board of Managers
Date:

_____
William Transier
Independent Member of the Board of Managers
Date:

Laxman Ramu
_____
Laxman Ramu
Member of the Board of Managers
Date:

_____
Neal Goldman
Independent Member of the Board of Managers
Date:

Aaron Bielenberg
_____
Aaron Bielenberg
Member of the Board of Managers
Date:

_____
Todd Arden
Independent Member of the Board of Managers
Date:

**BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF PGR HOLDCO GP, LLC, as a "Filing Entity"**

**PGR HOLDCO, LP, as a "Filing Entity"**

By:  PGR HOLDCO GP, LLC

Its:  General Partner

DocuSigned by:

*Ray Shem*

AEFD6FAC5B3A42A...

Name:  Raymond Shem

Title:   Chief Financial Officer & President

**PINE GATE RENEWABLES, LLC,**
  **as a "Filing Entity"**
By:  PGR HOLDCO LP, LLC
Its:  Sole Member

Name:  Raymond Shem
Title:   Chief Financial Officer & President

Signed by:

*Michael Wartell*

AE0E76DA012B4CB...

Michael Wartell
Member of the Board of Managers
Date November 3, 2025

DocuSigned by:

*William Transier*

0120BD6DF7074DD...

Member of the Board of Managers
Date: November 3, 2025

DocuSigned by:

D67DA9A0FF154AD...

Member of the Board of Managers
Date November 3, 2025

Signed by:

AFBD6A40003E4A5...

Member of the Board of Managers
Date: November 3, 2025

**BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF**

**BF DEV HOLDCO, LLC**
**CASCADE NTP HOLDCO, LLC**
**PGC SOLAR HOLDINGS HOLDCO II, LLC**
**PGR BLOCKER HOLDCO, LLC**
**POLARIS OPCO PLEDGOR B, LLC,**

**as "Filing Entities"**

Signed by:

—5F5C9FBE57E74CE...

Jonathan Zinman
Member of the Board of Managers
Date: November 3, 2025

DocuSigned by:

*William Traversie*

—0120BD6DF7074DD...

Member of the Board of Managers
Date: November 3, 2025

DocuSigned by:

—D67DA9A0FF154AD...

Member of the Board of Managers
Date: November 3, 2025

Signed by:

—AFBD6A40003E4A5...

Member of the Board of Managers
Date: November 3, 2025

**BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF**

**NPA 2023 HOLDCO, LLC**
**NPA PGR BLOCKER HOLDCO, LLC**
**NPA POLARIS DEVCO HOLDCO, LLC**
**NPA POLARIS OPCO HOLDCO, LLC,**

**as "Filing Entities"**

DocuSigned by:

95ACF578458A4F8...

Patrick Bartels
Member of the Board of Managers
Date: November 3, 2025

DocuSigned by:

William Transier

0120BD6DF7074DD...

Member of the Board of Managers
Date: November 3, 2025

DocuSigned by:

D67DA9A0FF154AD...

Member of the Board of Managers
Date November 3, 2025

Signed by:

AFBD6A40003E4A5...

Member of the Board of Managers
Date: November 3, 2025


**BEING ALL OF THE MEMBERS OF THE BOARD
OF MANAGERS OF**

**CASCADE DEV HOLDCO, LLC
FP 2021 DEV HOLDCO, LLC
PG DEV CARVER HOLDCO, LLC
PGR 2021 HOLDCO 17, LLC
PGR CARVER HOLDCO, LLC,**

**as "Filing Entities"**

Signed by:

*Jordan Schnitzer*

705AD5B4935E422...

Jordan Schnitzer

Member of the Board of Directors

Date: November 4, 2025

**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF BRP CONSTRUCTION, INC., as a "Filing Entity"**

**IN WITNESS WHEREOF**, the undersigned entities listed as a "Signatory" on <u>Schedule 1 (Additional Filing Entities)</u>, being all of the members, shareholders, directors, or managers of the entities listed as a "Filing Entity" on <u>Schedule 1 (Additional Filing Entities)</u>, have executed this Omnibus Consent as of the date first written above.

**EACH "SIGNATORY" ON SCHEDULE 1 HERETO**

By:     *Ray Shem*
Name:    Raymond Shem
Title:     Authorized Signatory

**IN WITNESS WHEREOF**, the undersigned entities listed as a "Signatory" on <u>Schedule 2 (Non-Filing Entities)</u>, being all of the members, shareholders, directors, or managers of the entities listed as a "Non-Filing Entity" on <u>Schedule 2 (Non-Filing Entities)</u>, have executed this Omnibus Consent as of the date first written above.

**EACH "SIGNATORY" ON SCHEDULE 2 HERETO**

By:     *Ray Shem*
Name:    Raymond Shem
Title:     Authorized Signatory

## SCHEDULE 1

### Additional Filing Entities

| "Signatory" | | "Filing Entity" |
|---|---|---|
| Pine Gate Development, LLC | as the sole member, shareholder, director, or manager of | BF Dev Holdco Pledgor, LLC |
| Blue Ridge Power, LLC | as the sole member, shareholder, director, or manager of | Blue Northern Power, LLC |
| PGR Blue Ridge Power Holdings, LLC | as the sole member, shareholder, director, or manager of | Blue Ridge Power Holding Company, LLC |
| Blue Ridge Power Holding Company, LLC | as the sole member, shareholder, director, or manager of | Blue Ridge Power, LLC |
| Blue Ridge Power, LLC | as the sole member, shareholder, director, or manager of | Blue Ridge Solar, LLC |
| Blue Ridge Power, LLC | as the sole member, shareholder, director, or manager of | BRP HBC Guarantor, LLC |
| BRP HBC Guarantor, LLC | as the sole member, shareholder, director, or manager of | BRP HBC Holdco, LLC |
| Pine Gate Development, LLC | as the sole member, shareholder, director, or manager of | Cascade Pledgor, LLC |
| Catalina Solar Holdings, LLC | as the sole member, shareholder, director, or manager of | Catalina Solar Borrower, LLC |
| PGR Blocker Holdco, LLC | as the sole member, shareholder, director, or manager of | Catalina Solar Holdings, LLC |
| BF Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | GA Solar 5, LLC |
| PGC Solar Holdings Holdco II, LLC | as the sole member, shareholder, director, or manager of | GH Pledge Borrower, LLC |
| GH Pledge Borrower, LLC | as the sole member, shareholder, director, or manager of | Grande Holdco Borrower II, LLC |
| Grande Holdco, LLC | as the sole member, shareholder, director, or manager of | Grande Holdco Borrower, LLC |
| PGC Solar Holdings Holdco II, LLC | as the sole member, shareholder, director, or manager of | Grande Holdco, LLC |
| Polaris DevCo Borrower B, LLC | as the sole member, shareholder, director, or manager of | Limewood Bell Renewables LLC |
| BF Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Lotus Solar, LLC |
| BF Dev Holdco, LLC | as the members of | Magnolia Solar Development LLC |

| "Signatory" | | "Filing Entity" |
| --- | --- | --- |
| Pine Gate Development, LLC | as the sole member, shareholder, director, or manager of | NPA Polaris DevCo Pledgor, LLC |
| Polaris DevCo Borrower B, LLC | as the sole member, shareholder, director, or manager of | Old Hayneville Solar, LLC |
| Pine Gate Fund Management, LLC | as the sole member, shareholder, director, or manager of | PGC Solar Holdings I Managing Member, LLC |
| Pine Gate Development, LLC; PGR 2024 Sponsor Holdco, LLC; PGC Solar Holdings I Managing Member, LLC | as all the members, shareholders, directors, or managers of | PGC Solar Holdings I, LLC |
| PGC Solar Holdings I, LLC | as the sole member, shareholder, director, or manager of | PGC Solar Holdings Holdco I, LLC |
| Pine Gate Carver Holdings, LLC | as the sole member, shareholder, director, or manager of | PGR 2020 Lessor 7, LLC |
| PGR 2021 Holdco 13, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Fund 13, LLC |
| PGR 2021 Holdco 17, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Fund 17, LLC |
| PGR 2021 Holdco 18, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Fund 18, LLC |
| PGR 2021 Holdco 4, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Fund 4, LLC |
| PGR 2021 Holdco 9, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Fund 9, LLC |
| NPA PGR Blocker Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Holdco 11, LLC |
| NPA PGR Blocker Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Holdco 12, LLC |
| PGC Solar Holdings Holdco II, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Holdco 13, LLC |
| NPA PGR Blocker Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Holdco 15, LLC |
| PGR Blocker Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Holdco 18, LLC |
| NPA PGR Blocker Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Holdco 19, LLC |
| PGC Solar Holdings Holdco II, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Holdco 4, LLC |

| "Signatory" | | "Filing Entity" |
|---|---|---|
| PGC Solar Holdings Holdco II, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Holdco 9, LLC |
| PGR 2021 Holdco 13, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Manager 13, LLC |
| PGR 2021 Holdco 17, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Manager 17, LLC |
| PGR 2021 Holdco 18, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Manager 18, LLC |
| PGR 2021 Holdco 4, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Manager 4, LLC |
| PGR 2021 Holdco 9, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Manager 9, LLC |
| PGR 2022 Holdco 1, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Fund 1, LLC |
| PGR 2022 Holdco 2, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Fund 2, LLC |
| PGR CC Affiliate Purchaser, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Fund 4, LLC |
| PGR MS Affiliate Purchaser, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Fund 5, LLC |
| PGR 2022 Holdco 8 LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Fund 8, LLC |
| PGR 2022 Holdco 9, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Fund 9, LLC |
| PGR Blocker Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Holdco 1, LLC |
| PGC Solar Holdings Holdco II, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Holdco 2, LLC |
| PGR Blocker Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Holdco 8, LLC |
| Grande Holdco Borrower II, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Holdco 9, LLC |
| PGR 2022 Holdco 1, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Manager 1, LLC |
| PGR 2022 Holdco 2, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Manager 2, LLC |
| PGR CC Affiliate Purchaser, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Manager 4, LLC |

| "Signatory" | | "Filing Entity" |
|---|---|---|
| PGR MS Affiliate Purchaser, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Manager 5, LLC |
| PGR 2022 Holdco 8, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Manager 8, LLC |
| PGR 2022 Holdco 9, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Manager 9, LLC |
| Pine Gate Fund Management, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Sponsor Holdco, LLC |
| PGR 2023 Holdco 1, LLC | as the sole member, shareholder, director, or manager of | PGR 2023 Fund 1, LLC |
| NPA Polaris DevCo Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR 2023 Fund 6, LLC |
| Catalina Solar Borrower, LLC | as the sole member, shareholder, director, or manager of | PGR 2023 Holdco 1, LLC |
| PGR 2023 Manager 6, LLC | as the sole member, shareholder, director, or manager of | PGR 2023 Lessee 6, LLC |
| PGR 2023 Holdco 1, LLC | as the sole member, shareholder, director, or manager of | PGR 2023 Manager 1, LLC |
| NPA Polaris DevCo Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR 2023 Manager 6, LLC |
| PGC Solar Holdings I Managing Member, LLC | as the sole member, shareholder, director, or manager of | PGR 2024 Sponsor Holdco, LLC |
| Pine Gate Renewables, LLC | as the sole member, shareholder, director, or manager of | PGR Blue Ridge Power Holdings, LLC |
| Grande Holdco Borrower, LLC | as the sole member, shareholder, director, or manager of | PGR CC Affiliate Purchaser LLC |
| Pine Gate Renewables, LLC | as the sole member, shareholder, director, or manager of | PGR Guarantor, LLC |
| Grande Holdco Borrower, LLC | as the sole member, shareholder, director, or manager of | PGR MS Affiliate Purchaser LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR Procurement, LLC |
| Pine Gate Fund Management, LLC | as the sole member, shareholder, director, or manager of | PGR Signature Fund 1 Manager, LLC |
| Pine Gate Fund Management, LLC | as the sole member, shareholder, director, or manager of | Pine Gate Asset Management, LLC |
| Pine Gate Fund Management, LLC | as the sole member, shareholder, director, or manager of | Pine Gate Assets, LLC |

| "Signatory" | | "Filing Entity" |
|---|---|---|
| PGR Carver Holdco, LLC | as the sole member, shareholder, director, or manager of | Pine Gate Carver Holdings, LLC |
| Pine Gate Development, LLC | as the sole member, shareholder, director, or manager of | Pine Gate Dev Holdco, LLC |
| Pine Gate Renewables, LLC | | Pine Gate Development, LLC |
| Pine Gate Assets, LLC | as the sole member, shareholder, director, or manager of | Pine Gate Energy Capital, LLC |
| Blue Ridge Power, LLC | as the sole member, shareholder, director, or manager of | Pine Gate EPC, LLC |
| Pine Gate Renewables, LLC | as the sole member, shareholder, director, or manager of | Pine Gate Fund Management, LLC |
| Pine Gate Renewables, LLC | as the sole member, shareholder, director, or manager of | Pine Gate O&M, LLC |
| Polaris DevCo Pledgor A, LLC | as the sole member, shareholder, director, or manager of | Polaris DevCo Borrower A, LLC |
| Polaris Devco Pledgor B, LLC | as the sole member, shareholder, director, or manager of | Polaris DevCo Borrower B, LLC |
| NPA Polaris DevCo Holdco, LLC | as the sole member, shareholder, director, or manager of | Polaris DevCo Pledgor A, LLC |
| Cascade NTP Holdco, LLC | as the sole member, shareholder, director, or manager of | Polaris DevCo Pledgor B, LLC |
| Polaris OpCo Pledgor B, LLC | as the sole member, shareholder, director, or manager of | Polaris OpCo Borrower B, LLC |
| NPA Polaris OpCo Holdco, LLC | as the sole member, shareholder, director, or manager of | Polaris OpCo Pledgor A, LLC |
| PGR 2024 Sponsor Holdco, LLC | as the sole member, shareholder, director, or manager of | PW Blocker Holdco, LLC |
| Pine Gate Development, LLC | as the sole member, shareholder, director, or manager of | PW Revolver Borrower, LLC |
| Polaris DevCo Borrower B, LLC | as the sole member, shareholder, director, or manager of | Rio Lago Solar, LLC |
| PGR 2020 Lessor 7, LLC | as the sole member, shareholder, director, or manager of | Solar Carver 1, LLC |
| PGR 2020 Lessor 7, LLC | as the sole member, shareholder, director, or manager of | Solar Carver 3, LLC |
| Pine Gate EPC, LLC | as the sole member, shareholder, director, or manager of | Stowe Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 1, LLC |

| **"Signatory"** | | **"Filing Entity"** |
|---|---|---|
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 2, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 3, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 4, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 5, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 6, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar, LLC |
| PW Revolver Borrower, LLC | as the sole member, shareholder, director, or manager of | West River Solar, LLC |

**SCHEDULE 2**

**Non-Filing Entities**

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| NPA 2023 Holdco, LLC | as the sole member, shareholder, director, or manager of | Foley Solar, LLC |
| NPA 2023 Holdco, LLC | as the sole member, shareholder, director, or manager of | Lavender Solar LLC |
| PGR 2021 Lessor 11, LLC | as the sole member, shareholder, director, or manager of | Phobos Solar, LLC |
| PGR 2021 Fund 11, LLC; PGR 2021 Lessee 11, LLC | as the sole members, shareholders, directors, or managers of | PGR 2021 Lessor 11, LLC |
| PGR 2021 Holdco 11, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Fund 11, LLC |
| PGR 2021 Manager 11, LLC | as the sole manager of | PGR 2021 Lessee 11, LLC |
| PGR 2021 Holdco 11, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Manager 11, LLC |
| PGR 2021 Lessor 12, LLC | as the sole member, shareholder, director, or manager of | Cabin Creek Solar, LLC |
| PGR 2021 Fund 12, LLC; PGR 2021 Lessee 12, LLC | as the sole members, shareholders, directors, or managers of | PGR 2021 Lessor 12, LLC |
| PGR 2021 Holdco 12, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Fund 12, LLC |
| PGR 2021 Manager 12, LLC | as the sole manager of | PGR 2021 Lessee 12, LLC |
| PGR 2021 Holdco 12, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Manager 12, LLC |
| PGR 2021 Lessor 15, LLC | as the sole member, shareholder, director, or manager of | Gunsight Solar, LLC |

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| PGR 2021 Fund 15, LLC; PGR 2021 Lessee 15, LLC | as the sole members, shareholders, directors, or managers of | PGR 2021 Lessor 15, LLC |
| PGR 2021 Holdco 15, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Fund 15, LLC |
| PGR 2021 Manager 15, LLC | as the sole manager of | PGR 2021 Lessee 15, LLC |
| PGR 2021 Holdco 15, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Manager 15, LLC |
| PGR 2021 Lessor 19, LLC | as the sole member, shareholder, director, or manager of | Allora Solar, LLC |
| PGR 2021 Fund 19, LLC; PGR 2021 Lessee 19 LLC | as the sole members, shareholders, directors, or managers of | PGR 2021 Lessor 19, LLC |
| PGR 2021 Holdco 19, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Fund 19, LLC |
| PGR 2021 Manager 19, LLC | as the sole manager of | PGR 2021 Lessee 19, LLC |
| PGR 2021 Holdco 19, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Manager 19, LLC |
| Polaris OpCo Holdco A, LLC | as the sole member, shareholder, director, or manager of | East Atmore Solar, LLC |
| Polaris OpCo Holdco A, LLC | as the sole member, shareholder, director, or manager of | Gransolar Texas One, LLC |
| Polaris OpCo Holdco A, LLC | as the sole member, shareholder, director, or manager of | BT Jungmann, LLC |
| Polaris Opco Borrower A, LLC | as the sole member, shareholder, director, or manager of | Polaris OpCo Holdco A, LLC |
| Polaris OpCo Pledgor A, LLC | as the sole member, shareholder, director, or manager of | Polaris OpCo Borrower A, LLC |
| PGR 2021 Lessor 9, LLC | as the sole member, shareholder, director, or manager of | Bulldog Solar, LLC |

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| PGR 2022 Lessor 4, LLC | as the sole member, shareholder, director, or manager of | Cane Creek Solar, LLC |
| PGR 2023 Lessor 1, LLC | as the sole member, shareholder, director, or manager of | Catalina Solar, LLC |
| PGR 2022 Lessor 2, LLC | as the sole member, shareholder, director, or manager of | Cathcart Solar, LLC |
| PGR 2021 Lessor 4 Viaduct, LLC | as the sole member, shareholder, director, or manager of | CL-Viaduct LLC |
| PGR 2022 Lessor 2, LLC | as the sole member, shareholder, director, or manager of | Fresh Air Energy XXIII, LLC |
| PGR 2022 Lessor 2, LLC | as the sole member, shareholder, director, or manager of | Fresh Air Energy XXXVII, LLC |
| PGR 2022 Lessor 9, LLC | as the sole member, shareholder, director, or manager of | Glover Creek Solar, LLC |
| PGR 2021 Lessor 18, LLC | as the sole member, shareholder, director, or manager of | Landrace Holdings, LLC |
| PGR 2022 Lessor 5, LLC | as the sole member, shareholder, director, or manager of | Moonshot Solar, LLC |
| PGR 2021 Manager 13, LLC | as the sole manager of | PGR 2021 Lessee 13, LLC |
| PGR 2021 Manager 18, LLC | as the sole manager of | PGR 2021 Lessee 18, LLC |
| PGR 2021 Manager 4, LLC | as the sole manager of | PGR 2021 Lessee 4 School House, LLC |
| PGR 2021 Manager 4, LLC | as the sole manager of | PGR 2021 Lessee 4 Stratford, LLC |
| PGR 2021 Manager 4, LLC | as the sole manager of | PGR 2021 Lessee 4 Viaduct, LLC |
| PGR 2021 Manager 9, LLC | as the sole manager of | PGR 2021 Lessee 9, LLC |
| PGR 2021 Fund 13, LLC; PGR 2021 Lessee 13, LLC | as the sole members, shareholders, directors, or managers of | PGR 2021 Lessor 13, LLC |

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| PGR 2021 Fund 18, LLC; PGR 2021 Lessee 18 LLC | as the sole members, shareholders, directors, or managers of | PGR 2021 Lessor 18, LLC |
| PGR 2021 Fund 4, LLC; PGR 2021 Lessee 4 School House, LLC | as the sole members, shareholders, directors, or managers of | PGR 2021 Lessor 4 School House, LLC |
| PGR 2021 Fund 4, LLC; PGR 2021 Lessee 4 Stratford, LLC | as the sole members, shareholders, directors, or managers of | PGR 2021 Lessor 4 Stratford, LLC |
| PGR 2021 Fund 4, LLC; PGR 2021 Lessee 4 Viaduct, LLC | as the sole members, shareholders, directors, or managers of | PGR 2021 Lessor 4 Viaduct, LLC |
| PGR 2021 Fund 9, LLC; PGR 2021 Lessee 9, LLC | as the sole members, shareholders, directors, or managers of | PGR 2021 Lessor 9, LLC |
| PGR 2022 Manager 1, LLC | as the sole manager of | PGR 2022 Lessee 1, LLC |
| PGR 2022 Manager 2, LLC | as the sole manager of | PGR 2022 Lessee 2, LLC |
| PGR 2022 Manager 4, LLC | as the sole manager of | PGR 2022 Lessee 4, LLC |
| PGR 2022 Manager 5, LLC | as the sole manager of | PGR 2022 Lessee 5, LLC |
| PGR 2022 Manager 8, LLC | as the sole manager of | PGR 2022 Lessee 8, LLC |
| PGR 2022 Manager 9, LLC | as the sole manager of | PGR 2022 Lessee 9, LLC |
| PGR 2022 Fund 1, LLC; PGR 2022 Lessee 1, LLC | as the sole members, shareholders, directors, or managers of | PGR 2022 Lessor 1, LLC |
| PGR 2022 Fund 2 LLC; PGR 2022 Lessee 2 LLC | as the sole members, shareholders, directors, or managers of | PGR 2022 Lessor 2, LLC |
| PGR 2022 Fund 4, LLC | as the sole member, shareholder, director, or manager of | PGR 2022 Lessor 4, LLC |

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| PGR 2022 Fund 5, LLC; PGR 2022 Lessee 5, LLC | as the sole members, shareholders, directors, or managers of | PGR 2022 Lessor 5, LLC |
| PGR 2022 Fund 8, LLC; PGR 2022 Lessee 8, LLC | as the sole members, shareholders, directors, or managers of | PGR 2022 Lessor 8, LLC |
| PGR 2022 Fund 9, LLC; PGR 2022 Lessee 9, LLC | as the sole members, shareholders, directors, or managers of | PGR 2022 Lessor 9, LLC |
| PGR 2023 Manager 1, LLC | as the sole manager of | PGR 2023 Lessee 1, LLC |
| PGR 2023 Fund 1, LLC PGR 2023 Lessee 1, LLC | as the sole members, shareholders, directors, or managers of | PGR 2023 Lessor 1, LLC |
| Polaris Opco Borrower B, LLC | as the sole manager of | Polaris OpCo Holdco B, LLC |
| PGR 2022 Lessor 8, LLC | as the sole member, shareholder, director, or manager of | Porter Solar, LLC |
| PGR 2021 Lessor 13, LLC | as the sole member, shareholder, director, or manager of | Sonny Solar, LLC |
| PGR 2021 Lessor 4 Stratford, LLC | as the sole member, shareholder, director, or manager of | Stratford Solar Center, LLC |
| PGR 2022 Lessor 2, LLC | as the sole member, shareholder, director, or manager of | Thigpen Farms Solar, LLC |
| PGR 2021 Lessor 4 School House, LLC | as the sole member, shareholder, director, or manager of | UN-School House LLC |
| PGR 2022 Lessor 1, LLC | as the sole member, shareholder, director, or manager of | Virginia Line Solar, LLC |
| PGR 2022 Sponsor Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Holdco 17, LLC |
| PGR 2021 Holdco 17, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Manager 17, LLC |

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| PGR 2021 Holdco 17, LLC | as the sole member, shareholder, director, or manager of | PGR 2021 Fund 17, LLC |
| Cascade Pledgor, LLC | as the sole member, shareholder, director, or manager of | Cascade Dev Holdco, LLC |
| Cascade Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sirius DevCo Pledgor, LLC |
| Pine Gate Carver Holdings, LLC | as the sole member, shareholder, director, or manager of | PGR 2020 Lessor 7, LLC |
| PGR 2020 Lessor 7, LLC | as the sole member, shareholder, director, or manager of | Solar Carver 1, LLC |
| PGR 2020 Lessor 7, LLC | as the sole member, shareholder, director, or manager of | Solar Carver 3, LLC |
| Blue Ridge Power Holding Company, LLC | as the sole member, shareholder, director, or manager of | Blue Ridge Power, LLC |
| Blue Ridge Power, LLC | as the sole member, shareholder, director, or manager of | Blue Ridge Solar, LLC |
| Blue Ridge Power, LLC | as the sole member, shareholder, director, or manager of | Blue Northern Power, LLC |
| PGR 2024 Sponsor Holdco, LLC | as the sole member, shareholder, director, or manager of | Sirius OpCo Pledgor, LLC |
| Pine Gate Renewables, LLC | as the sole member, shareholder, director, or manager of | PGR Carver Holdco, LLC |
| Pine Gate Development, LLC | as the sole member, shareholder, director, or manager of | PG Dev Carver Holdco, LLC |
| PGR Carver Holdco, LLC; PG Dev Carver Holdco, LLC | as the sole members, shareholders, directors, or managers of | Pine Gate Carver Holdings, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Gray Fox Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Kingfisher Solar, LLC |

6

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Longleaf Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Andromeda Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Black Swamp Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Coyote Prowl Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Stargaze Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Tarvos Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Buffalo Grass Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Freight Line Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Keystone Crest Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Baltzer Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Berrien Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Blue Hen Storage, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Broxton Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Claxton Solar Project, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Dwiggins Place LLC |

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Hawkins Energy LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | House Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Macon County Solar Project, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Midland-Wiregrass Solar Project, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Rebecca Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sandersville Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Yellow Bear Storage, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Crossvine Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Drawhorn Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Hematite Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Peanut Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Splendid Glow Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Beacon Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Camelot Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Camelot Storage, LLC |

| "Signatory" | | "Non-Filing Entity" |
| --- | --- | --- |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Flywheel Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Vista Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Wild Indigo Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Winterberry Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Zephyr Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Anchors Aweigh Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Barksdale Branch Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Chicory Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Osprey Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Parker Branch Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Vero Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Buttercup Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Elevate Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Skyway Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Ho-Fel Solar, LLC |

| "Signatory" | | "Non-Filing Entity" |
| --- | --- | --- |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Promise Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Bayou Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Hawkeye Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Quayside Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Knotty Pine Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Oxbow Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Pelham Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR ITC Holdco, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | PGR Wind, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Quaker Creek Farm Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Swiftwater Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Little Bluestem Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Silverthorn Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Caelum Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Desert Willow Solar, LLC |

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Piccolo Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Pinto Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sagebrush Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Heath Storage, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Morgan Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Panther Creek Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Cherry Tree Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Alabaster Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Bedlam Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Clovis Storage, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Flycatcher Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Infinity Storage, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Moon Glow Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Napier Storage, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Shamrock Solar, LLC |

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 1, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 2, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 3, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 4, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 5, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar 6, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sunstone Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Coxton Lake Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Hook Storage, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Magenta Solar LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Banjo Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Bear Creek Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Blue Granite Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Carolina Wren Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sandhills Solar, LLC |

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Wood Duck Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Brown Rabbit Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Amphion Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Bell Song Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Bush Knob Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Cassia Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Cochran Storage, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Corvus Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Emerson Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Fairgrounds Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Falling Feather Storage, LLC |
| Pine Gate Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Grapefruit Solar LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Journey Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Leatherwood Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Linden Solar, LLC |

| "Signatory" | | "Non-Filing Entity" |
|---|---|---|
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Mallard Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Mariette Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Mesquite Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Rainbow Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Roan Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Solheim Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Sundance Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Themisto Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Tordillo Creek Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Twin Oaks Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Wildflower Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Jefferson Solar, LLC |
| FP 2021 Dev Holdco, LLC | as the sole member, shareholder, director, or manager of | Wild Horse Solar, LLC |

Fill in this information to identify the case:

Debtor name: Pine Gate Renewables, et al.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                                12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | LPL SOLAR, LLC 3116 S. ANDREWS AVE. FORT LAUDERDALE, FL 33316 UNITED STATES | ATTN: MIKE LITTLE TITLE: PRESIDENT PHONE: (954) 306-2647 EMAIL: MLITTLE@LPLSOLAR.COM | TRADE PAYABLE | | | | $54,370,004 |
| 2 | SUNGROW USA CORPORATION 3200 PARK CENTER DR SUITE 850 COSTA MESA, CA 92626 UNITED STATES | ATTN: HANYU ZHENG TITLE: VP, OPERATIONS AND FINANCE PHONE: (949) 749-2068 EMAIL: CFAHANYUZHENG@SUNGROW.CN | TRADE PAYABLE | | | | $11,996,044 |
| 3 | WHC, LLC 300 INDUSTRIAL TRACE BROUSSARD, LA 70518 UNITED STATES | ATTN: JACOB FAVARON TITLE: GENERAL COUNSEL PHONE: (337) 837-8765 EMAIL: JFAVARON@WHCENERGYSERVICES.COM | TRADE PAYABLE | | | | $11,494,382 |
| 4 | FALL LINE CONSTRUCTION 52 INDUSTRY ROAD BUTLER, GA 316 UNITED STATES | ATTN: RYAN POUNDS TITLE: CHIEF EXECUTIVE OFFICER PHONE: (478) 862-3700 EMAIL: RPOUNDS@FLCOFGA.COM | TRADE PAYABLE | | | | $9,819,415 |
| 5 | NOBULL ENERGY LLC 10435 COMMERCE DRIVE, SUITE 12 CARMEL, IN 46032 UNITED STATES | ATTN: DOUG PICKERING TITLE: MANAGING DIRECTOR PHONE: (317) 590-0377 EMAIL: DOUGPICKERING@GMAIL.COM | TRADE PAYABLE | | | | $9,680,201 |
| 6 | NEXTRACKER LLC 6200 PASEO PADRE PKWY FREMONT, CA 94555 UNITED STATES | ATTN: DANIEL SHUGAR TITLE: CHIEF EXECUTIVE OFFICER, FOUNDER PHONE: (510) 270-2500 EMAIL: DSHUGAR@NEXTRACKER.COM | TRADE PAYABLE | | | | $7,377,309 |
| 7 | DIRECTIONAL SERVICES, INC. 4830 US HIGHWAY 301 S. HOPE MILLS, NC 28348 UNITED STATES | ATTN: SHELBY BARBIER TITLE: CHIEF EXECUTIVE OFFICER PHONE: (910) 424-4512 EMAIL: SBARBIER@DIRECTIONALSERVICES.NET | TRADE PAYABLE | | | | $6,536,514 |
| 8 | AEROTEK, INC. 7301 PARKWAY DRIVE SOUTH HANOVER, MD 21076 UNITED STATES | ATTN: THOMAS KELLY TITLE: PRESIDENT PHONE: (410) 694-5100 EMAIL: THOMAS.KELLY@ALLEGISGROUP.COM | TRADE PAYABLE | | | | $5,946,848 |
| 9 | THE BOLDT COMPANY 2121 E. CAPITOL DRIVE APPLETON, WI 54911 UNITED STATES | ATTN: DAVE KIEVET TITLE: CHIEF EXECUTIVE OFFICER PHONE: (920) 225-6225 EMAIL: DKIEVET@BOLDT.COM | TRADE PAYABLE | | | | $5,004,289 |
| 10 | GWINNUPS RESTORATION AND ENVIRONMENTAL SERVICE INC 5201 W. 86TH ST. INDIANAPOLIS, IN 46268 UNITED STATES | ATTN: TERRY GWINNUP TITLE: PRESIDENT PHONE: (317) 429-3340 EMAIL: TERRY@GWINNUPSRESTORATION.COM FAX: (317) 429-3301 | TRADE PAYABLE | | | | $4,658,313 |
| 11 | WAAREE SOLAR AMERICAS INC 3439 DISCOVERY HILLS PARKWAY BROOKSHIRE, TX 77423 UNITED STATES | ATTN: PUNEET SIKKA TITLE: DIRECTOR FINANCE AND ACCOUNTING PHONE: (713) 249-6869 EMAIL: PUNEETSIKKA@WAAREE.COM | TRADE PAYABLE | | | | $4,636,471 |
| 12 | SHACKELFORD CONSTRUCTION & HAULING LLC 350 SOUTH INDUSTRIAL PARKWAY YAZOO CITY, MS 39194 UNITED STATES | ATTN: JAY SHACKELFORD TITLE: OWNER PHONE: (662) 746-5112 EMAIL: JAYSHACKELFORD@GMAIL.COM | TRADE PAYABLE | | | | $4,579,348 |
| 13 | UNITED RENTALS 100 FIRST STAMFORD PLACE, STE 700 STAMFORD, CT 06902 UNITED STATES | ATTN: MATTHEW J. FLANNERY TITLE: CHIEF EXECUTIVE OFFICER PHONE: (203) 622-3131 EMAIL: MFLANNERY@UNITEDRENTALS.COM | TRADE PAYABLE | | | | $4,446,321 |
| 14 | SACRAMENTO DRILLING, INC. 1143 BLUMENFELD DR SUITE 100 SACRAMENTO, CA 95815 UNITED STATES | ATTN: JEFF CALABRO TITLE: PRESIDENT PHONE: (916) 638-1766 EMAIL: JEFF.CALABRO@SDISERVICES.COM | TRADE PAYABLE | | | | $4,153,817 |
| 15 | DIMCO SOLAR LLC 4550 W WATKINS ST PHOENIX, AZ 85043 UNITED STATES | ATTN: GARY SCHUSTER TITLE: CHIEF EXECUTIVE OFFICER PHONE: (602) 352-2700 EMAIL: GSCHUSTER@DIMCOFORM.COM FAX: (602) 352-2701 | TRADE PAYABLE | | | | $4,098,347 |
| 16 | WEG TRANSFORMERS USA, LLC 6655 SUGARLOAF PARKWAY DULUTH, GA 30097 UNITED STATES | ATTN: ALBERTO KUBA TITLE: CHIEF EXECUTIVE OFFICER PHONE: (800) 275-4934 EMAIL: KUBA@WEG.NET | TRADE PAYABLE | | | | $3,981,900 |
| 17 | LONESTAR ELECTRIC SUPPLY 1414 HOLLISTER STREET HOUSTON, TX 774 UNITED STATES | ATTN: JEFF METZLER TITLE: CHIEF EXECUTIVE OFFICER PHONE: (832) 855-3400 EMAIL: JMETZLER@LONESTARELECTRICSUPPLY.COM | TRADE PAYABLE | | | | $3,580,551 |
| 18 | POWER CONSTRUCTION G INC 128 ROBBINS AVE JAMESTOWN, NC 27282 UNITED STATES | ATTN: JOSE MEDINA VELAZCO TITLE: CHIEF OPERATING OFFICER PHONE: (336) 886-4021 EMAIL: JOSE.MEDINA@POWERCONSTRUCTIONJR.COM | TRADE PAYABLE | | | | $3,130,009 |
| 19 | DC SOLAR SOLUTIONS, LLC 4208 SIX FORKS RD. SUITE 1000 RALEIGH, NC 27609 UNITED STATES | ATTN: GLEN DEPIERO TITLE: OWNER PHONE: (919) 602-0327 EMAIL: GDEPIERO@DCSOLARSOLUTIONS.US | TRADE PAYABLE | | | | $3,125,496 |
| 20 | APA SOLAR, LLC 20-345 COUNTY ROAD RIDGEVILLE CORNERS, OH 43555 UNITED STATES | ATTN: JOSH VON DEYLEN TITLE: CHIEF EXECUTIVE OFFICER PHONE: (419) 267-5280 EMAIL: JOSHV@APALTERNATIVES.COM FAX: (419) 267-5214 | TRADE PAYABLE | | | | $3,109,961 |
| 21 | AUBREY SILVEY ENTERPRISES, INC. 371 HAMP JONES ROAD CARROLLTON, GA 3117 UNITED STATES | ATTN: BILL HEAD TITLE: CHIEF FINANCIAL OFFICER PHONE: (770) 834-0738 EMAIL: BHEAD@SILVEY.COM | TRADE PAYABLE | | | | $3,016,905 |

Debtor    Pine Gate Renewables, LLC  et al.                                                                                                                      Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts,  bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | PRALAR USA, INC. 2200 WEST LOOP SOUTH, SUITE 55 HOUSTON, TX 77027 UNITED STATES | ATTN: DIEGO E. OLMOS TITLE: SENIOR VICE PRESIDENT PHONE: (713) 630 9279 EMAIL: DOLMOS@PRALAR.COM | TRADE PAYABLE | | | | $2,992,710 |
| 23 | TSEA ENERGY ROD. FERNÃO DIAS, 3045 AMAZONAS CONTAGEM, MG 37418-760 BRAZIL | ATTN: JOSE ROBERTO REYNALDO TITLE: CHIEF EXECUTIVE OFFICER PHONE: (954) 737-0287 EMAIL: JOSE.ROBERTO@PTSEAENERGIA.COM.BR | TRADE PAYABLE | | | | $2,856,484 |
| 24 | WEST FLORIDA FENCE 6500 E. BROADWAY AVE TAMPA, FL 33619 UNITED STATES | ATTN: WES TOLBERT TITLE: CHIEF EXECUTIVE OFFICER PHONE: (813) 251-5883 EMAIL: WTOLBERT@PERIMETERSOLUTIONSGROUP.COM | TRADE PAYABLE | | | | $2,790,965 |
| 25 | ORIGIS USA, LLC 800 BRICKELL AVENUE, SUITE 1000 MIAMI, FL 33131 UNITED STATES | ATTN: VIKAS ANAND TITLE: CHIEF EXECUTIVE OFFICER PHONE: (786) 693-2624 EMAIL: VIKAS.ANAND@ORIGISENERGY.COM | TRADE PAYABLE | | | | $2,696,000 |
| 26 | STAFFING SUPPORT SOLUTIONS, LLC 10205 US HWY 15-501, UNIT 26-167 SOUTHERN PINES, NC  28387 UNITED STATES | ATTN: CHRISTOPHER KENT TITLE: MANAGING PARTNER PHONE: (844) 978-2334 EMAIL: CHRIS@STAFFINGSUPPORTSOLUTIONS.COM FAX: (844)-269-8858 | TRADE PAYABLE | | | | $2,592,305 |
| 27 | CARTER MACHINERY CO. INC. 1330 LYNCHBURG TPKE SALEM, VA 24153 UNITED STATES | ATTN: DREW PARKER TITLE: CHIEF EXECUTIVE OFFICER PHONE: (540) 387-9745 EMAIL: DREW_PARKER@CARTERMACHINERY.COM | TRADE PAYABLE | | | | $2,540,967 |
| 28 | UTILITYPOWER, LLC 702 OBERLIN ROAD, SUITE 330 RALEIGH, NC 27605 UNITED STATES | ATTN: BRIAN MCFARLIN TITLE: PRESIDENT PHONE: (984) 301-1311 EMAIL: BMCFARLIN@UTILITYINNOVATION.COM | TRADE PAYABLE | | | | $2,338,785 |
| 29 | JB ELECTRIC AND SOLAR LLC 325 FIFTH AVENUE, SUITE 18 INDIALANTIC, FL 3293 UNITED STATES | ATTN: JOSH BESSETTE TITLE: CHIEF EXECUTIVE OFFICER PHONE: (321) 735-4363 EMAIL: JOSH.BESSETTE@JANDBSOLAR.COM | TRADE PAYABLE | | | | $2,330,265 |
| 30 | ELEVATED STAFFING SUPPORT, LLC 102 COMMONWEALTH CT CARY, NC 27511 UNITED STATES | ATTN: DON BEDDIGES TITLE: MANAGING PARTNER PHONE: (704) 438-9898 EMAIL: DON@ELEVATEDSTAFFINGSUPPORT.COM | TRADE PAYABLE | | | | $2,228,442 |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities become invoiced.